IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL L. RIVERA DOMENECH,

Plaintiff

v.

HÉCTOR PÉREZ and ARNALDO SOTO, JR., et al.

Defendants

CIVIL 98-1459 (HL) (JA)

## OPINION AND ORDER

### I. Background

Angel L. Rivera-Domenech filed the above-captioned admiralty suit seeking to recover damages against co-defendant United Marine Services, Inc., for the alleged negligent repairs performed on his yacht the MERCEDES. The case was tried to the court on October 16, 2001, April 23, 25, May 13, September 3, 6, 12, and 13, 2002. On April 10, 2002, attorney for plaintiff, Mr. Paul Calvesbert, filed a motion to withdraw legal representation. (Docket No. 102.) In said motion, Mr. Calvesbert requested leave to withdraw as counsel for plaintiff claiming that the attorney-client relationship had been terminated due to outstanding legal fees. The court denied Mr. Calvesbert's motion. (Docket No. 103.) A subsequent motion for reconsideration and an urgent appeal of the magistrate judge's order pursuant to 28 U.S.C. § 636 (b)(1)(A) were also denied by the court. (See Docket Nos. 105 and 110.)

On June 17, 2002, Mr. Calvesbert filed a motion to intervene in the action asserting a claim against Mr. Rivera-Domenech for the unpaid legal services. (Docket No. 115.) The motion to intervene was granted by the court on June 20, 2002, and concomitantly, the intervening claim was filed. (See Docket No. 117.) The intervening claim (Docket No. 118) alleges, inter alia, that as of June 7, 2002, Mr. Calvesbert is owed the amount of $78,953 by virtue of the original agreement for legal representation entered into by the parties.




CIVIL 98-1459 (HL) (JA)                                    2

Based on this, the intervening claimant requests that judgment be entered against Mr. Rivera-Domenech in the amount owed.

On August 5, 2002, the intervening claimant filed an "Urgent Motion Requesting a Court Order to Compel Plaintiff Rivera to Pay Accrued Legal Fees," (Docket No. 119.), which the court denied on August 27, 2002. (Docket No. 121.) Throughout this process, the intervening claimant continued to represent Mr. River-Domenech in the prosecution of his admiralty case. The bench trial ended on September 13, 2002 at which point the court granted the parties 20 days to meet and settle their differences and to inform the court in order to set a trial date for the intervening claim. (Docket No. 128.) On October 23, 2002, plaintiff filed a pro-se motion alerting the court as to an arbitration clause contained in the original contract for legal representation. (Docket No. 138.) The motion requests in somewhat unclear language, that the intervening claim be sent to arbitration as provided by the contract. (See id.) On November 7, 2002, the intervening claimant moved to strike Rivera-Domenech's motion on the grounds that it was untimely filed under local rule 311.5. (See Docket No. 139.) The court, treating plaintiff's October 23, 2002 motion as one to compel arbitration, ordered the intervening claimant to file an opposition addressing the arbitration issue. Said opposition was filed on December 18, 2002. (Docket No. 143.) Having carefully considered the legal arguments presented, the court orders that the intervening claim for the unpaid legal fees be settled through arbitration in accordance with the agreement entered into by the parties.

II. Discussion

Plaintiff asserts that the intervening claim should be resolved by arbitration in accordance with the agreement for legal representation signed by him. The agreement contained the following arbitration clause:

> Any controversy, claim or dispute in the course and scope of the lawyer-client relationship or arising out of or relating to this

CIVIL 98-1459 (HL) (JA)                                3

> Proposal or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate (hereinafter the "Dispute"), shall be determined by arbitration in San Juan, Puerto Rico, before a sole arbitrator, in accordance with the laws and rules of professional conduct of the Commonwealth of Puerto Rico. "Disputes" shall include, without limitation, those involving fees, costs, billing, claims or professional negligence, malpractice and breach of ethical or fiduciary duties. The arbitration shall be administered by the American Arbitration Association (AAA) pursuant to its Commercial Arbitration Rules and Supplementary Procedures for Large, Complex Disputes. The arbitrator shall be a licensed attorney in Puerto Rico and a member of the AAA Panel of Arbitrators.

(See Docket No. 104, Sealed Exhibit 1, at 5, ¶ 8.1.)

This controversy requires a review of Puerto Rico law on arbitration. The Puerto Rico Commercial Arbitration Statute provides that:

> Two(2) or more parties ... may include in a written agreement a provision for the settlement by arbitration of any dispute which may in future arise between them from such settlement or in connection therewith. Such an agreement shall be valid, requirable and irrevocable except for the grounds prescribed by law for the reversal of an agreement.

32 P.R. Laws Ann. § 3201 (1999). Moreover, the Supreme Court of Puerto Rico has repeatedly expressed that in Puerto Rico there is a strong public policy in favor of arbitration as an alternative method for the resolution of disputes. Medina-Betancourt v. La Cruz Azul de Puerto Rico, 2001 TSPR 163 (November 30, 2001). A presumption of arbitrability exists when there is an arbitration clause present in a contract. World Films, Inc. v. Paramount Pictures Corp., 125 D.P.R. 352, 361-62 (1990). Thus when two parties have a contract in which they agree that they will arbitrate disputes arising out of said agreement, courts should, as a general rule, order that the matter be resolved through arbitration. Medina-Betancourt v. La Cruz Azul de Puerto Rico, 2001 TSPR 163 (November 30, 2001). The principles that underlie the above analysis are in substantial

CIVIL 98-1459 (HL) (JA)                                    4

part rooted in the pronouncements of the United States Supreme Court that "arbitration is a matter of contract." AT&T Tech., Inc. v. Communications Workers of Am., 475 U.S. 643, 648 (1986). As a necessary corollary of this principle is the idea that "when the parties have provided that a particular dispute should be settled in arbitration, rather than in litigation, a court may not override the agreement by itself deciding such a dispute." Bird Constr. Corp. v. Autoridad de Energía Eléctrica, 2000 TSPR 189 (December 20, 2002). Obviously it follows that a party cannot be required to submit to arbitration any dispute which he [or she] has not agreed so to submit." AT&T Tech., Inc. v. Communications Workers of Am., 475 U.S. at 648.

Pertinently, the arbitration clause at issue in this case specifically provides that "[a]ny controversy, claim or dispute in the course and scope of the lawyer-client relationship . . . shall be determined by arbitration...." (Docket No. 104, Sealed Exhibit 1, at 5, ¶ 8.1.) The clause further defines the term dispute as including "those involving fees, cost, [and] billing...." (Id.) Therefore, it is patently clear that the intervening claim in the instant case is covered by the arbitration clause and should so be resolved in arbitration as agreed by the parties. Accordingly, it is ORDERED that the intervening claim be remitted to arbitration in accordance with the terms of the arbitration clause. The intervening complaint is dismissed without prejudice. The Clerk will enter judgment accordingly.

IT IS SO ORDERED.

In San Juan Puerto Rico, this 30th day of December, 2002.

*(signature)*
JUSTO ARENAS
United States Magistrate Judge