IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL L. RIVERA-DOMENECH

Plaintiff

v.                                              CIVIL 98-1459(HL)(JA)

HECTOR PEREZ, et al.

Defendants

## OPINION AND ORDER

This case is before the court on motions to alter or amend judgment under Fed. R. Civ. P. 59(e) filed by co-defendants Royal & Sunalliance Insurance, Inc., ("Royal") and United Marine Services, Inc. ("United")(Docket Nos. 148, 149.) Royal moves the court to amend the judgment entered on January 10, 2003, in the above-captioned admiralty suit (Docket No. 147.), on the grounds that the damages awarded against its insured are not covered by the policy issued by it. (Docket No. 148 at 2.) On the other hand, United requests that the court "amend and/or make additional findings of fact and reconsider" the part of its judgment holding it liable to plaintiff. (Docket No. 149 at 3.) United also requests that it be awarded pre-judgment interest as the prevailing party in the counterclaim filed by it. (Id.)

### I. BACKGROUND

This is an action in admiralty brought by plaintiff Angel L. Rivera Domenech to recover damages against United Marine Services, Inc., doing business as Quality Boat Services ("QBS") for damages sustained by his yacht the MERCEDES, a 48' Hatteras Sport Fisherman. In March, 1997, the MERCEDES was hauled out at QBS's facilities in San Juan for the repair of blisters and other work. Plaintiff complained that the work on his vessel was deficiently performed and QBS agreed to correct the deficiencies under warranty.




CIVIL 98-1459(HL)(JA)                                    2

New and different negligent acts caused different and additional damages to the vessel in this second round of repairs according to plaintiff. United counterclaimed to recover unpaid marina charges and fees for the work performed following 23 change orders. Co-defendant Royal, issued a repairer's liability policy No. CLP 122817 in the name of United Marine Services, doing business as QBS, which covered the period of October 31, 1997 to October 31, 1998. The case was tried to the court on October 16, 2001, April 23, 25, May 13, September 3, 6, 12, and 13, 2002.

On December 30, 2002, I issued findings of fact and conclusions of law. (Docket No. 145.) On January 10, 2003, judgment was entered in favor of plaintiff in the amount of $59,877.16 plus pre-judgment interest. (Docket No. 147.) Judgment was also entered in favor of United on its counterclaim in the amount of $30,062.08. (Id.) Plaintiff filed a notice of appeal on January 30, 2003. On March 13, 2003, the court of appeals issued an order stating that it had docketed plaintiff's appeal but that, pursuant to the Federal Rules of Appellate Procedure, the appeal does not become effective until the district court disposes of the post-judgment motions presently before it. (Docket No. 155 at 1.) The court of appeals further directed me to forward my decision on said motions. (Id. at 2.) As of today, the motions stand unopposed.

## II. DISCUSSION

### A. Standard of Review

Notwithstanding the fact that the Federal Rules of Civil Procedure do not provided for the filing of motions for reconsideration, a motion requesting that the court reconsider a judgment or order is treated as a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e) inasmuch as it seeks to change the order or judgment issued. Standard Química de Venezuela v. Central Hispano Int'l., Inc., 189 F.R.D. 202, 204 (D.P.R. 1999). A motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) may not present new legal arguments.

CIVIL 98-1459(HL)(JA)                            3

Rather it must clearly establish a manifest error of law or present newly discovered evidence. Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000). In other words, a motion for reconsideration or to alter or amend judgment provides the court with the opportunity to correct manifest errors of law or fact and to consider newly discovered evidence. See McLaughlin v. UNUM Life Ins. Co. of America, 212 F.R.D. 40, 41 (D. Me. 2002). Arguments previously considered and rejected by the court may not be raised again by way of a Rule 59(e) motion. Id.

## B. Royal's Motion

In a rehash of arguments already presented to and rejected by me in a prior motion for summary judgment, Royal contends that the insurance policy issued does not cover the type of damages for which United was found liable. Royal advances two main arguments: (1) that the policy did not provide indemnity for a loss which occurred prior to the effective date of the insurance contract; and (2) that the policy specifically excluded indemnity for the costs or expenses to make good faulty workmanship. Because I find that my prior ruling rejecting these arguments constitutes the law of the case, I DENY Royal's motion.

It is firmly established that "'the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 (1983) (dictum)). The rule prevents the agitation of issues and promotes the finality and efficiency of the judicial process. Id. at 816. Under the doctrine, federal courts generally refuse to reopen what has already been decided. In re Cabletron Sys., Inc., 311 F.3d 11, 22 (1st Cir. 2002). Although the law of the case doctrine "does not apply to every possible issue that a party may raise and is limited to those issues previously decided," it "encompasses all things 'decided by necessary implication as well as those decided

CIVIL 98-1459(HL)(JA)                                     4

explicitly.'" Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 169 (11th Cir. 1994) (quoting Wheeler v. City of Pleasant Grove, 746 F.2d 1437, 1440 (11th Cir. 1984) (per curiam)).

In an opinion and order issued May 17, 2001, (Docket No. 77), I addressed Royal's contentions with respect to the coverage of the insurance policy. I denied Royal's motion for summary judgment and granted plaintiff's motion for partial summary judgment finding, among other things, that the damages suffered by the vessel while under the care of QBS on the second round of repairs, that is, after October 31, 1997, were covered by the policy. (Id. at 11.) Such finding constitutes the law of the case and controls subsequent stages of the litigation. Therefore, Royal's attempt to re-litigate issues already considered by the court is not proper under Rule 59(e). See Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial Inc., 899 F.2d 119, 123 (1st Cir. 1990); Berrios-Berrios v. Puerto Rico, 205 F. Supp. 2d 1, 2 (D.P.R. 2002); Standard Química of Venezuela v. Central Hispano Int'l., Inc., 189 F.R.D. at 205.

To close this discussion I find it necessary to clarify what I thought was implicit. The May 17, 2001 opinion and order limited Royal's liability to the damages arising out of the repairs performed while the policy was in effect. Therefore, Royal is not liable for the $19,877.16 awarded in damages resulting from the first round of repairs. (See Conclusion of Law No. 18, Docket No. 145 at 19.) Liability on the part of Royal is circumscribed to the $40,000 awarded with respect to the paint job performed on the fourth haul out or second round of repairs. (See Conclusion of Law No. 19, Docket No. 145 at 19-20.) Royal's motion to alter or amend is DENIED.

C. United's Motion

CIVIL 98-1459(HL)(JA)                    5

United's motion seeks that the court amend its findings or make additional findings[1] with respect to that part of the judgment holding it liable to plaintiff in the amount of $59,877.16. The crux of United's position is that QBS did not have exclusive control of the vessel and its efforts to do a qualified paint job were hindered by the actions of plaintiff. According to United, plaintiff is responsible for the problems arising out of the second paint job given the fact that he demanded that a particular procedure be followed and inasmuch as he and his son closely supervised the work. United argues that plaintiff requested to be informed of every stage of the work and visited QBS's facilities almost every day, rendering United not responsible for the faulty paint job. Finally, it is claimed by United that as the prevailing party in its counterclaim, the court erred in not awarding pre-judgment interest.

*1. Liability:*

As to United's contention that it should not have been found liable to plaintiff, I find no manifest error of law or fact to disturb my previous determination of liability. In the conclusions of law reached by me, I found that the evidence was sufficient to demonstrate United's liability under both the bailment doctrine and the implied warranty of workmanlike services. (See Conclusion of Law No. 19, Docket 45 at 19-20.)

Under the bailment doctrine, I found that the evidence was sufficient to create a presumption of negligence that United failed to rebut with respect to the second paint job. The presumption of negligence in admiralty cases is activated once the bailor establishes a prima facie case by in turn showing that the vessel was delivered in good condition and

---

[1] United's motion seeks that the court make additional findings of fact. Said motion is brought pursuant to Fed. R. Civ. P. 52(b) which provides that" [o]n a party's motion . . . the court may amend its findings–or make additional findings–and may amend the judgment accordingly." I refuse to amend my findings or make additional findings for the same reasons I refuse to alter or amend the judgment.

CIVIL 98-1459(HL)(JA)                                    6

was damaged while in the possession of the bailee. <u>In re Complaint of Lady Jane, Inc.</u>, 818 F. Supp. 1470, 1476 (Md. D. Fla. 1992); see also <u>Richmond Sand & Gravel Corp. v. Tidewater Constr. Corp.</u>, 170 F.2d 392, 393 (4th Cir. 1948). This presumption can be rebutted in two ways: (1) by showing the use of ordinary care in the performance of the repairs ; or (2) by proving how the damage occurred and that it is not attributable to the bailee's own negligence. <u>Richmond Sand & Gravel Corp. v. Tidewater Constr. Corp.</u>, 170 F.2d at 393-94. A bailor may be denied the benefit of the presumption, however, if it is proven that the bailee did not have the right to exclusive control and possession of the vessel. <u>Commercial Union Ins. Co. v. Bohemia River Assoc.</u>, 855 F. Supp. 802, 805 (D. Md. 1991). Here, I found that plaintiff was entitled to the negligence presumption. The mere fact that he requested to be informed of the progress of the job and that he inspected the work regularly did not deprive QBS of the exclusive control and possession of the vessel. United failed to rebut such presumption of negligence.

The same result is reached under the implied warranty of workmanlike service. A contractor in admiralty has the duty to effect ship repairs in a workmanlike manner. <u>Little Beaver Enter. v. Humphreys Ry., Inc.</u>, 719 F.2d 75, 77-78 (4th Cir. 1983). While the warranty parallels a negligence standard, the owner of a vessel may be entitled to recover for breach of the warranty even if the repairs were performed without negligence. <u>La Ezperanza de Puerto Rico, Inc. v. Perez y Cía. de Puerto Rico</u>, 124 F.3d 10, 17 (1st Cir. 1997). I still find that the evidence at trial was sufficient to establish QBS's breach of the implied warranty of workmanlike service as to both the first and second rounds of repairs. Therefore, United fails to establish that manifest errors of law or fact require that the judgment in this case be altered or amended. My findings of fact and conclusions of law will remain undisturbed. United's motion is DENIED as to this issue.

*2. Pre-Judgment Interest:*

CIVIL 98-1459(HL)(JA)                              7

United's next contention is that as the prevailing party in its counterclaim, the court erred in not awarding it pre-judgment interest. It is further argued by United that in admiralty, absent peculiar circumstances, pre-judgment interest should be awarded.

Historically, awards of pre-judgment interest have been allowed in admiralty cases. City of Milwaukee v. Cement Div. Nat'l Gypsum Co., 515 U.S. 189, 194 (1995). "The essential rationale for awarding pre-judgment interest is to ensure that an injured party is fully compensated for its loss." Id. at 195. Similarly, admiralty law has long recognized full compensation as one of its basic principles. Id. at 195-96. The right to pre-judgment interest is, however, not automatic. See Jones v. Spentonbush-Red Star Co., 155 F.3d 587, 593 (2d Cir. 1998). More than a century ago the Supreme Court stated:

> allowance of interest on damages is not an absolute right. Whether it ought or ought not to be allowed depends upon the circumstances of each case, and rests very much in the discretion of the tribunal which has to pass upon the subject, whether it be a court or a jury.

City of Milwaukee v. Cement Div. Nat'l Gypsum Co., 515 U.S. at 196 (quoting The Scotland, 118 U.S. 507, 518-19 (1886)). Thus, the general rule is that pre-judgment interest should be awarded in admiralty cases absent peculiar or special circumstances that would make it inequitable for the losing party to do so. Noritake Co., Inc. v. M/V Hellenic Champion, 627 F.2d 724, 728 (5th Cir. 1980); see also Clifford v. M/V Islander, 846 F.2d 111, 113 (1st Cir. 1988). Pre-judgment interest is awarded not as a penalty, but as compensation for the use of funds to which a claimant is rightly entitled. Noritake Co., Inc. v. M/V Hellenic Champion, 627 F.2d at 728.

Here, United counterclaimed to recover unpaid marina charges and fees. The court partially found in its favor and awarded the amount of $ 30,062.08. (See Conclusion of Law No. 21, Docket No. 145 at 20.) As the prevailing party in admiralty, United was entitled to an award of pre-judgment interest. I find no exceptional circumstances that

CIVIL 98-1459(HL)(JA)                               8

would make the award inequitable for the losing party. Accordingly, United's motion to alter or amend the judgment is GRANTED as to the issue of pre-judgment interest.

### III. CONCLUSION

In view of the above, Royal's motion to alter or amend judgment is DENIED. United's motion is DENIED with respect to issue of liability and GRANTED with respect to the issue of pre-judgment interest. The Clerk of the Court is instructed to amend the judgment accordingly, and to forward this decision to the court of appeals forthwith, in compliance with its instructions.

SO ORDERED.

In San Juan, Puerto Rico, this 26th day of March, 2003.

JUSTO ARENAS
United States Magistrate Judge