IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL L. RIVERA-DOMENECH
   Plaintiff

v.

HECTOR PEREZ, ET AL
   Defendants

CIVIL NO. 98-1459 (HL)

Taxation of Costs

### ORDER

On April 1, 2003, an amended judgment was entered in the amount of $59,877.16, plus pre-judgment interest, in favor of plaintiff Angel L. Rivera-Domenech and against all defendants, and in the amount of $30,062.08, plus pre-judgment interest, in favor of co-defendant United Marine Services, Inc. and against plaintiff (Docket No. 159). Co-defendant United Marine Services, Inc. moved for the taxation of costs against plaintiff on April 10, 2003 (Docket No. 163). Royal and Sunalliance Insurance Company (PR) and United Marine Services, Inc. filed notices of appeal on April 3, 2003 and April 14, 2003, respectively (Docket Nos. 160 & 164).

"It is often sound policy ... to wait until a controversy is finally decided on the merits before awarding costs, and to then determine who is the 'prevailing party', instead of judging that issue piecemeal at each stage of the litigation." Furman v. Cirrito, 782 F.2d 353, 355-56 (2nd Cir. 1986). Thus, a district court "may wait until a judgment is affirmed on appeal before awarding costs." O'Ferral v. Trebol Motors Corp., 45 F.3d 561, 564 (1st Cir. 1995), citing 10 C. Wright & A. Miller, Federal Practice and Procedure § 2668, at 212 (2d Ed. 1983).

WHEREFORE, co-defendant United Marine Services, Inc.'s application for taxation of costs is denied without prejudice. Once judgment on appeal is entered and the appellate mandate becomes final, the prevailing party may file a bill of costs for adjudication by the Clerk. Fed. R. App. P. 39; Fed. R. Civ. P. 54(d).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this ___ day of December, 2003.

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk


